Dan S. Whittemore State Controller Department of Administration 1525 Sherman Street, Room 706 Denver, Colorado 80203
Dear Mr. Whittemore:
This opinion letter is in response to your April 3, 1980 letter, in which you inquired whether dividends generated by the state sponsored group medical plan may be used to offset a deficit in the basic group life insurance plan.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general opinion presents the following question:
May dividends generated by the state sponsored medical plan be used to offset a deficit in the state sponsored basic group life insurance plan?
 My conclusion is "no." The use of dividends in this manner would constitute an additional contribution by the state to the basic group life insurance plan. By statute the state may not contribute more than 88 cents per employee per month for life insurance. C.R.S. 1973, 10-8-211, as amended. To the extent that the use of the dividends in the manner suggested would result in contributions exceeding this limit, it is statutorily prohibited.
ANALYSIS
The legislature has provided for group life and health insurance benefits for state employees and officials under the "State Employees and Officials Group Insurance Act," C.R.S. 1973,10-8-201 et seq. (as amended). The Act creates a state employees' and officials' group insurance board of administration which is empowered to develop and administer the group insurance programs. C.R.S. 1973, 10-8-204. The board is a section of the division of accounts and control within the Department of Administration. C.R.S. 1973, 24-1-116. In performing its duties under the Act, therefore, the board is acting as an arm of state government.
The Act also authorizes the state to contribute, with specific limitations, a portion of the money necessary to fund these group insurance plans.
 10-8-211. Contributions — state — employees — officials — annuitants — limitation. (1) The state of Colorado shall contribute an amount necessary to pay thirty dollars per month for health or life insurance or both for each employee and official enrolled in a plan. Such amount shall be paid for each employee and official enrolled in a plan if the employee or official only is enrolled under a plan or if the employee or official and his dependents are enrolled under a plan. The state shall pay an amount which constitutes the actual premium of the plan the employee or official selects, if the total state contribution does not exceed thirty dollars per month for each qualified employee or official. Not more than eighty-eight cents of said amount shall be contributed each month per employee and official for life insurance. . . .
C.R.S. 1973, 10-8-211, as amended (emphasis added).
Pursuant to C.R.S. 1973, 10-8-215 all premium payments, including contributions from the state, are placed initially in the Group Insurance Reserve Fund:
 (1) . . . The board shall remit to the treasurer for deposit in the group insurance reserve fund all payments received by the board for group insurance premium costs from employees, officials, annuitants, and the state as employer. The board shall also remit to the treasurer for deposit in the group insurance reserve fund any payments received by the board from the carriers underwriting the group insurance or supplemental plans. Such payments shall not be included in the general revenues of the state of Colorado, and, at the end of the fiscal year, any unexpended funds shall not revert to the general fund but shall be held by the state treasurer in his custodial capacity, to be used subject to direction from the board.
Presently the board administers the health premium portion of the Insurance Reserve Fund by means of a minimum premium account plan. Under this plan, a portion of the total monthly premiums received through payroll deductions and deposited in the Group Insurance Reserve Fund is withdrawn from the reserve fund and deposited in a separate minimum premium account. The amount of money actually withdrawn from the reserve fund and deposited in the minimum premium account is that amount which has been actuarially determined to be necessary to cover claims processed for payment each month.
Prior to the institution of the minimum premium account plan, all premium moneys received for health insurance were remitted to the insurance carrier awarded the indemnification insurance plan. The carrier then used these funds to pay claims and to pay itself an agreed upon administrative and risk fee. If the premiums paid by the state and the insureds exceeded the sum of: 1) the claims paid by the carrier; and 2) retention or expense charges, that excess was declared a "dividend" and returned to the board for deposit in the Reserve Fund. The life insurance plan was and is administered in a similar manner.
In 1979, there was a dividend or excess under the health plan, and a deficit under the life plan. The deficit under the life plan was created because the 85 cents premium contribution per employee per month was not sufficient to cover the unusually heavy losses experienced by the carrier for that year.
Prudential, which was the carrier for both the health and life insurance plans in 1979 and is the carrier for both plans presently, has requested that the board allow it to "offset" the deficit of the life plan with the dividend or excess of the health plan. Prudential's request is, in effect, a request to compensate itself for its loss. Under general insurance principles, such a loss is not compensable since it is part of the risk of loss assumed by Prudential. Couch, Insurance2d, 1:2 and 1:3.
More importantly, however, since the board has already contributed 88 cents per employee per month for the 1979 year, any additional contributions to the life plan would exceed the 88 cents limitation imposed by C.R.S. 1973, 10-8-211.
SUMMARY
To briefly summarize my position, the application to the life plan of divisible surplus or dividends generated under the health plan is a contribution in excess of the maximum contribution allowable pursuant to C.R.S. 1973, 10-8-211, as amended.
Very truly yours,
 J.D. MacFARLANE Attorney General
INSURANCE PUBLIC FUNDS APPROPRIATIONS
C.R.S. 1973, 10-8-211
ADMINISTRATION, DEPT. OF Accounts Control Div. of
The State Employees and Officials Group Insurance Act provides that the state shall contribute a set dollar amount toward the group health and life insurance premiums for state employees and officials enrolled in the state plan. The statute contains a limitation on the amount of the state contribution which can be applied toward life insurance. Since this limitation is absolute, once the state has contributed the maximum allowable amount toward life insurance, the state may not supplement its contribution with other funds.